## PATTERSON *v.* ALABAMA.

No. 554. Argued February 15, 18, 1935.—Decided April 1, 1935.

*Mr. Walter H. Pollak,* with whom *Messrs. Osmond K. Fraenkel* and *Carl S. Stern* were on the brief, for petitioner.

*Mr. Thomas E. Knight, Jr.*, Attorney General of Alabama, with whom *Mr. Thomas Seay Lawson*, Assistant Attorney General, was on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

Petitioner, Haywood Patterson, was indicted with Clarence Norris (the petitioner in No. 534, *ante*, p. 587) and seven other negro boys in Jackson County, Alabama, for the crime of rape. Judgment of conviction was affirmed by the Supreme Court of the State. That judgment, and like judgments in the case of Norris and others, were reversed by this Court. *Powell* v. *Alabama*, 287 U. S. 45.

After the remand, all of the cases were transferred for trial to Morgan County. Patterson was the first of those retried. The jury found a verdict against him which the trial judge set aside as against the weight of evidence. He was then brought to trial for a third time before another Judge, in November, 1933, and was again convicted. The judgment was affirmed by the Supreme Court of the State. 229 Ala. 270; 156 So. 567. This Court granted a writ of certiorari. 293 U. S. 554.

At the beginning of the last trial, as on the previous trial, a motion was made on Patterson's behalf to quash the indictment upon the ground of the exclusion of negroes from juries in Jackson County where the indictment was found. Defendant also moved to quash the trial *venire* in Morgan County because of the exclusion of negroes from jury service in that county. In each of these motions, defendant contended that there was a long-continued, systematic and arbitrary exclusion of qualified negroes from jury service, solely by reason of their race or color, in violation of the Federal Constitution. These motions were the same as those which were made on the trial of Norris, which immediately followed this third trial of Patterson. It was stipulated in the case of

Norris, and the trial court there ruled, that the papers filed and the testimony adduced upon the similar motions on the trial of Patterson should be treated as applicable, and the motions in the case of Norris were thus heard upon evidence which had been submitted on the trial of Patterson. The opinions of the trial judge denying these motions were the same in both cases.

In this aspect, the federal question now sought to be presented on behalf of Patterson is precisely the same as that which we have considered and decided in Norris' case, *ante,* p. 587. But the State, by its Attorney General, contends that this Court has no jurisdiction in the instant case, in the view that the decision of the state court rested entirely upon a question of state appellate procedure and that no federal question is involved. Counsel for defendant opposes that view, and it becomes necessary for us to examine the record in order to determine whether the judgment of the state court is based upon a non-federal ground adequate to sustain it. *Ward* v. *Love County,* 253 U. S. 17, 22; *Davis* v. *Wechsler,* 263 U. S. 22, 24, 25; *Broad River Power Co.* v. *South Carolina,* 281 U. S. 537, 540; *Abie State Bank* v. *Bryan,* 282 U. S. 765, 773; *Lawrence* v. *State Tax Comm'n,* 286 U. S. 276, 282.

The question arises from the action of the Supreme Court of the State in striking defendant's bill of exceptions, which contained the evidence taken by the trial court on the motions to quash, upon the ground that the bill had not been presented in time. So holding, the Supreme Court of the State disregarded all questions reviewable alone by bill of exceptions, and, finding no error in the record as thus considered, affirmed the judgment. The court did not discuss the federal question.

Under the Code of Alabama, a bill of exceptions must be presented " within ninety days from the day on which the judgment is entered," or " within ninety days after the granting or refusing of a motion for a new trial."

Ala. Code, § 6433. Another section of the Code provides that "after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day." Ala. Code, § 6670.

The jury found its verdict against Patterson on December 1, 1933, and the court then adjudged him guilty as charged. On December 6, 1933, he was sentenced to death. The bill of exceptions was presented on March 5, 1934.

Upon the return of the verdict on December 1st, defendant's counsel requested an extension beyond thirty days within which to file a motion for a new trial, stating that a transcript of the testimony would be needed in order to prepare a proper motion. The application was denied, the trial judge stating in effect that defendant's counsel had thirty days within which to make a motion for a new trial, and that, after a motion so made, he might apply to the trial judge for " additional thirty day periods " in order to file an amended motion based upon the transcript. The motion for a new trial was filed on December 29, 1933, and it appears that a copy of the motion papers was received by the Attorney General without objection. On request of defendant's counsel, the motion was continued by the trial judge until February 24, 1934. The Attorney General then moved to strike the motion upon the ground that it had been filed after the expiration of the term of court, at which defendant was tried, and hence that the court was without jurisdiction. It appeared that the term had expired on December 23, 1933. The trial judge granted the motion to strike and the Supreme Court of the State sustained the ruling.

The state court pointed out that the ruling was in accord with *Morris* v. *Corona Coal Co.* (1926), 215 Ala. 47; 109 So. 278, in which the question had been directly presented.[1] The court said that the governing statutes, including § 6670, above quoted, were codified from the Act of 1915, page 707, §§ 1 and 3; that, previously, all motions for new trials were required to be made within the terms; that, as to cases at law, terms were not abolished; that the statute making judgments final after thirty days was restrictive of the rule which had theretofore obtained by which the judgments were deemed to be within the breast of the court until the end of the term; and that the effect of the decision in the *Morris* case was to hold that the statute had not abrogated " the established rule that all judgments become final with the end of the term" and did not extend the thirty day period beyond that time. The court cited several cases to show that the ruling was " in keeping with former decisions through a long period of years."

But the striking of the motion for a new trial did not dispose of the bill of exceptions. It would still have been in time if it had been presented within ninety days from the day of the judgment. It was in time if that day was December 6, 1933, when defendant was sentenced, but it was too late if judgment was entered on December 1, 1933. The Supreme Court of the State took the latter view. The court held that the time for presenting bills of exceptions " runs from the date of the judgment of guilty, not from the date of sentence." The court cited the case of *Lewis* v. *State* (1915), 194 Ala. 1; 69 So. 913, where that rule had been laid down. And in view of this long established rule in Alabama as to the day from which

---

[1] In the *Morris* case the verdict and judgment were of December 19, 1924; the motion for a new trial was of December 27, 1924, after the term had expired; and the motion had been passed to January 5, 1925, for hearing.

the time should be reckoned, the state court was undoubtedly at liberty, without violating any federal right, to hold that the bill of exceptions had not been presented within the designated period of ninety days.

There remains, however, a further question. For it does not appear that the failure to file a bill of exceptions in time is sufficient in itself to deprive the state appellate court of jurisdiction. On the contrary, the statute of Alabama expressly denies to the court the authority, on its own motion, to strike a bill of exceptions because not filed in time, and provides for that action only upon motion of a party to the record or his attorney. The statute in terms allows parties to waive the objection. We quote its provisions: "The appellate court may strike a bill of exceptions from the record or file because not presented or signed within the time required by law, but shall not do so *ex mero, motu,* but only on motion of a party to the record or his attorney; the object and effect of this statute being to allow parties to waive or consent for the time of signing bills of exceptions." Ala. Code, § 6434. The state court cited its former decisions which construed the "waiver or consent," to which the provision referred, to be "such as is indicated by a failure to move to strike upon submission of the cause on appeal," and held that when such a motion is made, it is the duty of the court to grant it. *Baker* v. *Central of Georgia Ry. Co.,* 165 Ala. 466; 51 So. 796; *Ex parte Hill,* 205 Ala. 631; 89 So. 58; *Ettore* v. *State,* 214 Ala. 99; 106 So. 508; *Beatty* v. *McMillan,* 226 Ala. 405; 147 So. 180.

While we must have proper regard to this ruling of the state court in relation to its appellate procedure, we cannot ignore the exceptional features of the present case. An important question under the Federal Constitution was involved, and, from that standpoint, the case did not stand alone. As the opinion of the state court observes, there was " being considered along with this cause, the ap-

peal of *Clarence Norris* v. *Alabama,* 156 So. 556, from a conviction under the same indictment." 156 So. pp. 567, 568. The validity of the common indictment had been challenged by a motion on behalf of both defendants because of the unconstitutional discrimination. It is true that the *Patterson* case was brought up on a separate appeal, and on a separate record, but it appeared from the record before the court in the *Norris* case that the evidence upon the motions to quash was the same evidence (introduced by stipulation) as that which had been taken in the *Patterson* case. The bills of exceptions had been presented in both cases on the same day, March 5, 1934. When the Attorney General, on February 24, 1934, had moved to strike the motion for a new trial, he had expressly referred to the judgment as having been rendered on December 6, 1933, a statement not obviously inaccurate, because there was an entry of a formal judgment of sentence on that day, and, coming from the Attorney General, the statement may have misled defendant's counsel. If that statement had been correct, the bill of exceptions would have been timely. The Attorney General did not make his motion until May 25, 1934. We are not advised that previous state decisions had dealt with a situation having such unusual incidents.

The decisions in the two cases were announced on the same day. The state court decided the constitutional question against Norris, and it was manifestly with that conclusion in mind that the court approached the decision in the case of Patterson and struck his bill of exceptions. We are not satisfied that the court would have dealt with the case in the same way if it had determined the constitutional question as we have determined it. We are not convinced that the court, in the presence of such a determination of constitutional right, confronting the anomalous and grave situation which would be created by a reversal of the judgment against Norris, and an affirmance of the judgment of death in the companion case of Patter-

son, who had asserted the same right, and having regard to the relation of the two cases and the other circumstances disclosed by the record, would have considered itself powerless to entertain the bill of exceptions or otherwise to provide appropriate relief. It is always hazardous to apply a judicial ruling, especially in a matter of procedure, to a serious situation which was not in contemplation when the ruling was made. At least the state court should have an opportunity to examine its powers in the light of the situation which has now developed. We should not foreclose that opportunity.

We have frequently held that in the exercise of our appellate jurisdiction we have power not only to correct error in the judgment under review but to make such disposition of the case as justice requires. And in determining what justice does require, the Court is bound to consider any change, either in fact or in law, which has supervened since the judgment was entered. We may recognize such a change, which may affect the result, by setting aside the judgment and remanding the case so that the state court may be free to act. We have said that to do this is not to review, in any proper sense of the term, the decision of the state court upon a non-federal question, but only to deal appropriately with a matter arising since its judgment and having a bearing upon the right disposition of the case. *Gulf, C. & S. F. Ry. Co.* v. *Dennis,* 224 U. S. 503, 507; *Watts, Watts & Co.* v. *Unione Austriaca,* 248 U. S. 9, 21; *Dorchy* v. *Kansas,* 264 U. S. 286, 289; *Missouri ex rel. Wabash Ry. Co.* v. *Public Service Comm'n,* 273 U. S. 126, 131.

Applying that principle of decision, we vacate the judgment and remand the case to the state court for further proceedings.

*Judgment vacated.*

Mr. Justice McReynolds did not hear the argument and took no part in the consideration and decision of this case.