WILLIAM LEVINE, PROSECUTOR, v. STATE BOARD OF REGISTRATION AND EXAMINATION IN DENTISTRY, DEFENDANT.

Argued October 5, 1938—Decided September 18, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the prosecutor, *William H. Speer.*

For the defendant, *David T. Wilentz* and *John F. Bruther.*

BODINE, J.   The prosecutor of this writ has maintained, for years, a dental office in Jersey City.   He is a graduate of the Pennsylvania College of Dental Surgery and has been duly licensed to practice dentistry in this state.   He caused to appear in the *Jersey Journal* of Monday, November 12th, 1934, an advertisement entitled "Dental Board v. People of New Jersey."   In this advertisement, he criticised the legislature of this state, and asserted that only twenty per cent. of the people availed themselves of necessary dental services

because of the high cost of dentistry and the fear of pain. He then set forth that he furnished full plates for $20, the best that money could buy. He extracted with local anaesthetic for $1, and with gas and oxygen for $2; fillings were $1 up and bridge work $5 per unit. The advertisement was long and to the effect that his work was better and cheaper than that generally done. The next day an advertisement appeared in the same paper with much the same subject-matter in different form. The following day another article appeared; on November 15th a shorter advertisement, giving the prices for work to be done, stating that all work was guaranteed satisfactory or money refunded. Other advertisements intended to catch the eye of the public appeared in other issues of the *Journal* and in other papers circulated in Hudson county.

Section 45:6-7 of the Revised Statutes provides that: "Any license to practice dentistry may be revoked or suspended by the board upon proof to its satisfaction that the licensee * * * (g) has advertised in any manner his products or the price or charge to be made or the character or durability of his works or products or anything identical to any of the foregoing, whether by mirrors, or other articles, or by advertisements in newspapers, magazines, or other publications or by projection by means of light or by crier or radio broadcasting or by use of advertising solicitors or publicity agents; or has permitted the use of his name as a dentist by others in the sale or advertisement of products."

It is argued that this provision of the statute is an improper exercise of the police power, and hence unconstitutional; that the legislation erected a wall of silence behind which monopoly and high prices could flourish, and that the advertisement published by the prosecutor respecting the prices charged by him for dental work and the character and durability thereof were true, and finally that the statute interferes with the prosecutor's right of free speech in the conduct of his business.

In the case of *Semler* v. *Oregon State Board of Dental Examiners,* 294 *U. S.* 603, a statute of that state was held

constitutional. The statute in question provided (*Code* 1930, §§ 68-1013, as amended by laws of 1933, page 210) that any dentist might have his license revoked or suspended for advertising professional superiority or the performance of professional services in a superior manner; advertising prices for professional services; advertising by means of large display, glaring light signs, or containing as a part thereof the representation of a tooth, teeth, bridge work or any portion of the human head; employing or making use of advertising, solicitors or free publicity press agents; or advertising any free dental work or free examination; or advertising to guarantee any dental service, or to perform any dental operation painlessly. There can be no question that the state can regulate the practice of dentistry and supervise the conduct thereof by any administrative board.

It is clear that the legislature of this state in authorizing the revocation or suspension of the license of a dentist who advertised his product, or the price, or charges to be paid therefor, or the durability of his work in defiance of the manner specified in the act was merely enacting a law necessary to protect the public from the wiles and artifices of the charlatan. The truth or falsity of the prosecutor's assertions is of no importance. It is possible that everything that the prosecutor said in his advertisements is the literal truth, but if this kind of advertising affords the unscrupulous practitioner an opportunity to practice a deception upon his patients, then, there is reason why the legislature should permit the suspension or revocation of the license of those who so do.

The practice of dentistry is not a business but a privilege, and the practice thereof is subject to state regulation in the interest of the public. It was proper that the legislature should take steps to prevent licensed dentists from resorting to the well known practice of charlatans and quacks. The issue before the state board in suspending the prosecutor's license upon the charges made was simply whether he had resorted to the prohibited practices, and it was not necessary for it to investigate the truth or falsity of the advertisements

adduced, since they admittedly offended against the legislative concept of proper dental practice.

The statute in question does not preclude all advertisement. Those who pursue a learned profession or calling have always been bound by certain limitations upon their freedom of speech. From earliest times, the physician's mouth has been sealed. So also the clergy are precluded from making certain disclosures. See 70 *C. J.* 376. It is the advertisement of the price to be charged for dental work and the character of the work to be done which the legislature has seen fit to prohibit. To urge that an individual licensed by the state to practice a skilled profession may not be precluded by the state from advertising the price to be charged for his work and the durability thereof, is tantamount to urging that the state may not make regulations which will preclude charlatans from enticing the public to their offices by arts which are likely to deceive, and that those licensed to practice a profession requiring skill and knowledge may not be required to conform to a standard of practice which the people by their representatives deem necessary for their protection.

The writ will be dismissed, with costs.