STATE *v.* AVENT.

---

STATE v. JOHN THOMAS AVENT;
STATE v. LACY CARROLE STREETER;
STATE v. FRANK McGILL COLEMAN;
STATE v. SHIRLEY MAE BROWN.
STATE v. DONOVAN PHILLIPS;
STATE v. CALLIS NAPOLIS BROWN;
AND
STATE v. JOAN HARRIS NELSON.

(Filed 10 July 1964.)

**Constitutional Law § 20;   Trespass § 10—**

    On authority of *Peterson v. Greenville,* 373 U.S. 244, 10 L. Ed. 2d 323, persons of the Negro race who refuse to leave a luncheonette department in a store after being ordered to do so by the proprietor in possession may not be convicted of trespass if the municipality in which the restaurant is situate has an ordinance prescribing segregation of the races in such places.

ON mandate from the Supreme Court of the United States, 373 U.S. 375, 10 L. Ed. 2d 420. This mandate from the Supreme Court of the United States was docketed in the Supreme Court of North Carolina as Case No. 650, Fall Term 1963, and as Case No. 649, Spring Term 1964.

This was a case tried at 30 June 1960 Criminal Term of DURHAM, in which seven criminal actions, based on seven separate indictments which are identical except that each indictment names a different defendant, were consolidated and tried together. The indictment in the case of defendant John Thomas Avent is as follows:

"The Jurors for the State upon their oath present, that John Thomas Avent, late of the County of Durham, on the 6th day of May, in the year of our Lord one thousand nine hundred and sixty, with force and arms, at and in the county aforesaid, did unlawfully, willfully and intentionally after being forbidden to do so, enter upon the land and tenement of S. H. Kress and Company store located at 101-103 W. Main Street in Durham, N. C., said S. H. Kress and Company, owner, being then and there in actual and peaceable possession of said premises, under the control of its manager and agent, W. K. Boger, who had, as agent and manager, the authority to exercise his control over said premises, and said defendant after being ordered by said W. K. Boger, agent and manager of said owner, S. H. Kress and Company, to leave that part of the said store reserved for employees and invited guests, willfully and unlawfully refused to do so knowing or having reason to know that he, the said John Thomas Avent, defendant, had no license therefor, against the form of the statute in such case made and provided and against the peace and dignity of the State."

Plea by all defendants: Not Guilty. Jury Verdict: All the defendants, and each one of them, are guilty as charged. From a judgment against each defendant, each defendant appealed to the Supreme Court of North Carolina.

This Court found No Error in the trial. 253 N.C. 580, 118 S.E. 2d 47. This opinion was filed 20 January 1961.

Defendants applied to the Supreme Court of the United States for a writ of *certiorari*, which was allowed 25 June 1962. 370 U.S. 934, 8 L. Ed. 2d 805.

On 20 May 1963 the Supreme Court of the United States rendered a *per curiam* opinion in this action, which is reported in 373 U.S. 375, 10 L. Ed. 2d 420, and is as follows:

"On Writ of *Certiorari* to the Supreme Court of the State of North Carolina.

"May 20, 1963. Per Curiam:    The judgment is vacated and the case is remanded to the Supreme Court of North Carolina for consideration in the light of *Peterson v. Greenville, supra,* p. 323 [373 U.S. 244, 10 L. Ed. 2d 323]. *Patterson v. Alabama,* 294 U.S. 600, 79 L. Ed. 1082, 55 S. Ct. 575.

"Mr. Justice Harlan dissented in part in an opinion appearing on p. 327, *supra* [373 U.S. 248, 10 L. Ed. 2d 327]."

In the Supreme Court of the United States, counsel were as follows:

"Jack Greenberg argued the cause for petitioners. With him on the brief were Constance Baker Motley, James M. Nabrit, III, William A. Marsh, Jr., F. B. McKissick, C. O. Pearson, W. G. Pearson, M. Hugh Thompson, William T. Coleman, Jr., William R. Ming, Jr., Louis H. Pollak, Joseph L. Rauh and Herbert O. Reid.

"Ralph Moody, Assistant Attorney General of North Carolina, argued the cause for respondent. With him on the brief was T. W. Bruton, Attorney General.

"Solicitor General Cox, by special leave of Court, argued the cause for the United States, *amicus curiae,* urging reversal. With him on the brief were Assistant Attorney General Marshall, Ralph S. Spritzer, Louis F. Claiborne, Harold H. Greene, Howard A. Glickstein and Richard K. Berg."

PARKER, J.  In *Peterson v. Greenville,* 373 U.S. 244, 10 L. Ed. 2d 323, ten defendants were convicted in the recorder's court of the city of Greenville, South Carolina, for violating the trespass statute of that State. Each defendant was convicted and sentenced to pay a fine of $100, or in lieu thereof to be confined in jail for 30 days. An appeal to the Greenville county court was dismissed, and the Supreme Court of South Carolina affirmed. 239 S.C. 298, 122 S.E. 2d 826. The Supreme Court of the United States granted *certiorari.* 370 U.S. 935, 8 L. Ed. 2d 806. The facts were: The ten defendants, who are Negoes, on 9 August 1960 entered S. H. Kress store in Greenville and seated themselves at the lunch counter for the purpose, as they testified, of being served. The manager of the store did not request the police to arrest defendants;

he asked them to leave because integrated service was "contrary to local customs" of segregation at lunch counters and in violation of a Greenville city ordinance requiring separation of the white persons and colored persons in restaurants, hotels, cafes, eating houses, boarding houses, or similar establishments. Defendants refused to leave and were arrested. Chief Justice Warren in an opinion expressing the views of eight members of the Court that the convictions cannot stand said:

> "For the convictions had the effect, which the State cannot deny, of enforcing the ordinance passed by the City of Greenville, the agency of the State. When a state agency passes a law compelling persons to discriminate against other persons because of race, and the State's criminal processes are employed in a way which enforces the discrimination mandated by that law, such a palpable violation of the Fourteenth Amendment cannot be saved by attempting to separate the mental urges of the discriminators."

In *Patterson v. Alabama,* 294 U.S. 600, 79 L. Ed. 1082, the Court held:

> "The Supreme Court may, in recognizing a change in fact or law since the entry of judgment which affects the just disposition of the case, set aside the judgment and remand the case so that the state court may be free to act, although such change affects a non-Federal question."

When the Avent case was argued before us at the Fall Term 1960, there was nothing in the record, or in the briefs of counsel, or in the oral argument, to show, or even to suggest, that the city of Durham had an ordinance requiring separation of the white and colored races in licensed restaurants and public eating places. The first mention of the fact in the records of this case that the city of Durham did have such an ordinance appears on page 21 of petitioners' brief filed in the Supreme Court of the United States at the October Term 1962. In a note on page 21 of this brief it is stated: "The state did not rely on the ordinance at trial, nor was it adverted to on appeal."

Mr. Justice Harlan, concurring in the result in No. 71, and dissenting in whole or in part in Nos. 58, 66, 11, and 67, in the *Peterson v. Greenville* case, said this in respect to the Avent case (No. 11):

> "In this case it turns out that the City of Durham, North Carolina, where these 'sit-ins' took place, also had a restaurant segregation ordinance. In affirming these convictions the North Carolina Supreme Court evidently proceeded, however, on the erroneous

assumption that no such ordinance existed. 253 N.C. 580, 118 S.E. 2d 47.

"In these circumstances I agree with the Court that the case should be returned to the State Supreme Court for further consideration. See *Patterson v. Alabama*, 294 U.S. 600, 79 L. Ed. 1082, 55 S. Ct. 575. But disagreeing as I do with the premises on which the case will go back under the majority's opinion in *Peterson,* I must to that extent dissent from the opinion and judgment of the Court."

He attached a footnote to the Avent case as follows:

"Code of Durham (1947), c. 13, § 42: 'In all licensed restaurants, public eating places and "weenie shops" where persons of the white and colored races are permitted to be served with, and eat food, and are allowed to congregate, there shall be provided separate rooms for the separate accommodation of each race. The partition between such rooms shall be constructed of wood, plaster or brick or like material, and shall reach from floor to the ceiling. Any person violating this section shall, upon conviction, pay a fine of ten dollars and each day's violation thereof shall constitute a separate and distinct offense.' "

We now have before us a certified copy of the Durham city ordinance, which is *ipsissimis verbis* as quoted by Mr. Justice Harlan.

An examination of our opinion in this case, when it was first before us, shows that the facts in this case and in *Peterson v. Greenville* are substantially identical. It now appears from Mr. Justice Harlan's dissenting-in-part opinion in *Peterson v. Greenville* that the city of Durham had a segregation ordinance similar to the segregation ordinance of the city of Greenville. Consequently, the majority opinion in *Peterson v. Greenville* expressing the views of eight members of the Court requires that the verdict that all the defendants, and each one of them, are guilty as charged, and that the judgment against each defendant, be vacated, and that a judgment be entered sustaining each defendant's motion for judgment of compulsory nonsuit, and it is so ordered. When this opinion is certified down to the superior court of Durham County, a judgment will be entered in accordance with this opinion.

The mandate from the Supreme Court of the United States contains this language: "IT WAS FURTHER ORDERED that John Thomas Avent, *et al.* recover from the State of North Carolina Six Hundred and Two Dollars and Nine Cents ($602.09) for their costs herein expended."

*Quaere:* Does legislation or a municipal ordinance requiring white private owners and operators of restaurants, cafes, boarding houses, and other similar establishments, against their will, to furnish accommodations to, and to labor for in cooking and serving food to members of a race other than their own constitute a violation of the Thirteenth Amendment to the Constitution of the United States prohibiting "involuntary servitude"?

Reversed.