**NARRAGANSETT IMPROVEMENT COMPANY, Plaintiff-Appellee,**

v.

**LOCAL UNION NO. 251, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendant-Appellant.**

No. 74–1248.

United States Court of Appeals, First Circuit.

Argued Oct. 9, 1974.

Decided Nov. 29, 1974.

Dennis J. Roberts, II, Providence, R. I., with whom Roberts & Wiley Inc., Providence, R.I., was on brief, for appellant.

Patrick A. Liguori, Providence, R.I., with whom Adler, Pollock & Sheehan Inc., Providence, R.I., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

We are informed that the parties have reached agreement as to the meaning of the arbitrator's award and its resubmission to the arbitrator for resolution of ambiguities pursuant to the district court's order is no longer necessary or contemplated. Thus the arbitral process has apparently run its course. We dissolve the injunction and remand this case to the district court for further consideration in light of this development. See Duke Power Co. v. Greenwood Co., 299 U.S. 259, 267–268, 57 S. Ct. 202, 81 L.Ed. 178 (1936); Patterson

---

v. Alabama, 294 U.S. 600, 607, 55 S.Ct. 575, 79 L.Ed. 1082 (1935).

We intimate no opinion as to the propriety of injunctive relief at a time when it had become clear by virtue of the award's remand for clarification that the arbitral process had not yet run its course. However, under the parties' collective bargaining agreement the union's implicit obligation not to strike was at least suspended by Narragansett's failure to abide by the arbitrator's award. It appears to us that in continuing to challenge the award after it had been confirmed by the district court, Narragansett brought into play the contractual language dealing with the situation where one party "fails to abide" by a decision. Hence we have difficulty in seeing how the strike in question could have contravened the union's no-strike obligation, and we suggest Narragansett address this question before the court on remand.

Vacated and remanded for further proceedings.