# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-11355

GARY M VODICKA

Plaintiff-Appellant

v.

PERUNA PROPERTIES INC

Defendant-Third Party Plaintiff-Appellee

v.

GERRY JETTON

Third Party Defendant-Appellant

ROBERT E TAFEL

Intervenor-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-02014-R

Before PRADO and ELROD, Circuit Judges.[*]

PER CURIAM:[**]

This is an appeal by Plaintiff-Appellant Gary M. Vodicka, Third Party Defendant-Appellant Gerry Jetton, and Intervenor-Appellant Robert E. Tafel of the district court's grant of the motion by Defendant-Third Party Plaintiff-Appellee Peruna Properties, Inc. ("Peruna") for partial summary judgment on its trespass to try title counterclaim. Appellants purport to be owners of interests in units that were part of the former University Gardens Condominiums ("UGC"). Ultimately, a disputed vote of the owners of UGC resulted in the UGC Homeowners Association ("Association"), as attorney-in-fact for the owners, having the alleged ability to sell the entire property. Peruna claims to have bought UGC in a transaction which forms the basis of this litigation. In the proceedings giving rise to this appeal, the district court held that Peruna was the sole fee simple title owner of the UGC.

On August 10, 2005, Vodicka filed multiple petitions in state court asserting causes of action for breach of the UGC Declaration and Bylaws, breach of fiduciary duties, fraud, breach of contract, civil conspiracy, action to void fraudulent sale of the condominium complex property, action to quiet title, slander on title, and specific performance of the UGC Declaration and Bylaws. All of his claims were asserted under Texas law. In response, Peruna asserted a trespass to try title counterclaim also under Texas law. Peruna then filed a motion for partial summary judgment on its trespass to try title counterclaim.

On November 1, 2006, the eve of the state court hearing of Peruna's motion for partial summary judgment, Vodicka filed his Seventh Amended

---

[*] One of the judges of the panel recused herself and did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Petition asserting for the first time federal question causes of action, i.e., RICO claims which allowed removal to federal court under to 28 U.S.C. § 1331. On November 2, 2006, the case was removed to the federal district court, which took supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

On December 7, 2006, the district court entered a Memorandum Opinion and Order and Final Judgment granting the motion for partial summary judgment on Peruna's trespass to try title counterclaim. The district court based its decision on Texas law and did not decide any federal questions. The effect of the judgment was to grant Peruna title to and the right of sole immediate possession of UGC. On December 20, 2006, the district court amended the judgment to expressly state that it was final for purposes of Federal Rule of Civil Procedure 54(b). Appellants filed their notices of appeal from the Final Judgment on December 14, 2006 (Tafel), January 3, 3007 (Vodicka), and January 4, 2007 (Jetton). Tafel also filed an Amended Notice of Appeal the same day that the district court amended the Final Judgment.

On February 7, 2007, while this appeal was pending, Appellants dismissed their RICO claims, eliminating the only claims based upon federal law.[1] On March 23, 2007, the district court remanded all remaining state law claims, including all of the Appellants' affirmative claims against Peruna, to state court. Thus, among the claims remanded to state court were claims against the Association, individual members of its Board of Managers, and Peruna, that form the basis of many of the parties' arguments to this court. The parties' briefs make clear that a resolution of this appeal would require this court to consider the merits of these state law claims although they are currently pending in state court.

---

[1] The dismissal of the only counts raising federal questions does not divest the federal court of jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present . . . we consider the claims in the state court petition as they existed at the time of removal.").

For example, the summary judgment currently on appeal involves a state law question of whether the Association breached a fiduciary duty and whether any such breach would affect Peruna's title. The same or very similar issues form the basis for Appellants' affirmative claims that were remanded to state court. The parties have also informed this court that the condominiums that were the subject of this appeal were destroyed while this appeal was pending, but they have not discussed how that would affect this court's deliberations.

"It is well established that an appellate court is obligated to take notice of changes in fact or law occurring during the pendency of a case on appeal which would make a lower court's decision, though perhaps correct at the time of its entry, operate to deny litigants substantial justice." Concerned Citizens of Vicksburg v. Sills, 567 F.2d 646, 649 (5th Cir. 1978) (internal quotation marks omitted) (vacating and remanding "[b]ecause the factual basis for the district court's holding was eliminated within days after final judgment was entered"). "In such cases, where circumstances have changed between the ruling below and the decision on appeal, the preferred procedure is to remand to give the district court an opportunity to pass on the changed circumstances." Id. at 649-50 (internal quotation marks omitted).

At this stage, no federal question exists, novel issues of Texas state law are presented to a federal court, and a state court already has before it at least some of the issues raised in this appeal. A question therefore is raised whether comity considerations would counsel that this case be remanded to state court to be decided with the claims already pending there. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." (emphasis added)). The district court did not have the opportunity to

decide whether to exercise its discretion to remand Peruna's trespass to try title counterclaim because this appeal preceded the dismissal of the RICO claims. We believe it should have that opportunity.

IT IS ORDERED that, without passing on the merits of the district court's ruling, the judgment of the district court is VACATED and this matter is REMANDED to the district court for further proceedings consistent with this opinion.