**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2009

No. 08-10491

Charles R. Fulbruge III
Clerk

ILLUSIONS - DALLAS PRIVATE CLUB INC doing business as, Penthouse
Key Club, a Not-for-Profit Texas Corporation; HOTEL DEVELOPMENT
TEXAS LED, a Texas Limited Liability Company; SILVER CITY, an
Unincorporated Membership Organization; GREEN STAR INC, a Texas
Corporation

Defendants-Appellants

v.

JOHN T STEEN, JR, in his Official Capacity as Chairman of the Texas
Alcoholic Beverage Commission; GAIL MADDEN, in her Official Capacity as
a Member of the Texas Alcoholic Beverage Commission; ALLEN STEEN, in
his Official Capacity as Administrator of the Texas Alcoholic Beverage
Commission

Plaintiffs-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-0201

Before GARWOOD, OWEN, and HAYNES, Circuit Judges.

O R D E R:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This appeal concerns various Dallas nightclubs'[1] First Amendment challenge to section 32.03(k) of the Texas Alcoholic Beverage Code,[2] which prevents sexually oriented businesses located in "dry" areas of Texas from obtaining or maintaining private club permits.[3]  Following a bench trial, the district court granted judgment for the State, holding that section 32.03(k) survives First Amendment scrutiny.

During the pendency of this appeal, a Texas state district court rendered a final judgment in an different case involving Silver City, concluding that section 32.03(k) was enacted in violation of article III, section 35(a) of the Texas Constitution and is therefore void.  The parties informed this Court of the Texas court's judgment by letter, each conceding that eventual affirmance of the Texas district court's judgment by the Texas appellate courts would likely moot this appeal.  The State has since filed a timely notice of appeal from the state court judgment.

It is well established that appellate courts are "bound to consider any change, either in fact or in law, which has supervened since the [district court's] judgment was entered." *Patterson v. Alabama*, 294 U.S. 600, 607 (1935); *see also Watts, Watts & Co. v. Unione Austriaca di Navigazione*, 248 U.S. 9, 21 (1918); *Concerned Citizens of Vicksburg v. Sills*, 567 F.2d 646, 649 (5th Cir. 1978) (noting that "an appellate court is obligated to take notice of changes in fact or law occurring during the pendency of a case on appeal which would make a

---

[1] The original petitioners in this case were Illusions - Dallas Private Club Inc., Hotel Development Texas Ltd, Silver City, and Green Star Inc.  Illusions and Hotel Development have since sought and received a consent dismissal.  For the sake of simplicity, this order refers to the remaining petitioners collectively as the "Clubs."  The Clubs are sexually-orientated businesses located in one or more "dry" areas of Texas that held private club permits prior to the enactment of section 32.03(k).

[2] T EX. ALCO. BEV. CODE § 32.03(k).

[3] Private club permits allow businesses to serve alcoholic beverages, even if located in "dry" subdivisions of the State.

lower court's decision, though perhaps correct at the time of its entry, operate to deny litigants substantial justice[.]" (internal quotation marks and citation omitted)). "In such cases, where circumstances have changed between the ruling below and the decision on appeal, the preferred procedure is to remand to give the district court an opportunity to pass on the changed circumstances[.]" *Concerned Citizens*, 567 F.2d at 649 (internal quotation marks and citation omitted); *see also Patterson* 294 U.S. at 607 ("We may recognize such a change, which may affect the result, by setting aside the judgment and remanding the case so that the state court may be free to act.").

In light of the developments in the Texas state court which impact the very section addressed by the appeal before us, we find it prudent to vacate the district court's judgment without regard to the merits and remand so the district court can consider the precise impact of the Texas state court's judgment on this case and the appropriate course of future action, such as a stay or a dismissal as moot or unripe. The district court is in a better position, in the first instance, than this court to receive appropriate briefing, make any necessary findings of fact and conduct any appropriate hearings to determine (subject to appeal by any party to this court) whether or not this case should be stayed or dismissed as moot or unripe in light of the changed circumstances.

VACATED without regard to the merits and REMANDED.