# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2014

Lyle W. Cayce
Clerk

No. 13-20230

COTEMAR S.A. DE C.V.; EXETER MARINE LIMITED; OCEAN OIL CONSTRUCTION AND SERVICES S.A.R.L.,

Plaintiffs - Appellants

v.

HORNBECK OFFSHORE SERVICES, L.L.C.; OSV HOS BEAUFORT, IN REM; HORNBECK OFFSHORE SERVICES, INCORPORATED; HORNBECK OFFSHORE OPERATORS, L.L.C.,

Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-4409

Before HIGGINBOTHAM, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:*

In this case, the district court dismissed Appellants' maritime tort action based on the doctrine of *forum non conveniens*. Pursuant to Appellees' motion, the district court concluded that the Mexican judicial system constitutes an available and adequate forum for this litigation. Then, based on its assessment of the relevant private interest and public interest factors, the district court also concluded that the Mexican judicial system would be a more convenient

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20230

forum for Appellants' lawsuit.    Accordingly, the district court granted Appellees' motion to dismiss.

This appeal followed.  As explained below, we conclude that the district court's balancing of the private interest and public interest factors did not constitute an abuse of the district court's discretion.  We nonetheless remand this case on two narrow grounds.  First, the district court must clarify its order's return jurisdiction clause with respect to the possibility that Appellants' access to relief may now be time-barred in Mexico.  Second, we direct the district court to consider whether any part of the *forum non conveniens* analysis in this case is altered by the recent seizure of Appellees' vessel in the Eastern District of Louisiana.

I.

On June 24, 2011, Appellants' vessel, the *SSV Iolair* ("the *Iolair*"), was struck by Appellees' vessel, the *OSV HOS Beaufort* ("the *Beaufort*"), approximately forty-four miles off the coast of Mexico in the Bay of Campeche.[1] In October 2011 and April 2012, Appellees preemptively filed two petitions in the Mexican courts to limit their liability for damage to the *Beaufort*. According to Appellants, certain Appellants were named and properly served with process in the Mexican limitation proceedings, while other Appellants were not named and properly served with process.  The record reflects that Appellants have not yet participated in the limitation proceedings or in any other Mexican judicial proceedings in relation to the events of this case.

On December 15, 2011, Appellants filed a complaint against Appellees

---

[1] The *Iolair* was flagged in the Marshall Islands, and Appellants are companies located in the Bahamas, Luxembourg, and Mexico.  The *Beaufort* was flagged in the United States, and Appellees are all companies located in the United States who conduct business in Mexico through subsidiaries or related companies.  At the time of the accident, both the *Iolair* and the *Beaufort* were performing services for Mexico's state-owned oil company, Petróleos Mexicanos or "Pemex."

No. 13-20230

in the district court.  Appellants raised a number of claims based on theories of negligence, gross negligence, and the unseaworthiness of the *Beaufort*.  On May 11, 2012, Appellees filed a motion to dismiss on the basis of *forum non conveniens*.  The district court granted this motion on March 29, 2013, after concluding that litigation would be more convenient in a Mexican forum.  As the district court explained, Appellants' contributory negligence is a disputed issue in this case.  Accordingly, the district court reasoned that the testimony of Mexican regulatory authorities and investigators, as well as the documentary records within the control of those entities, will be relevant to the issue of Appellants' contributory negligence.

Appellants then brought this appeal.  Meanwhile, shortly before oral argument, Appellants seized the *Beaufort* pursuant to a warrant of arrest issued by the United States District Court for the Eastern District of Louisiana.  On April 3, 2014, the district judge in that case denied Appellees' motion to vacate the arrest.  Accordingly, while Appellants' original lawsuit against Appellees in the Southern District of Texas has now been dismissed, Appellants' action *in rem* against Appellees' vessel is still ongoing in the Eastern District of Louisiana.

II.

This court will reverse the grant or denial of a motion to dismiss on the basis of *forum non conveniens* only where there has been a "clear abuse of discretion."[2]  Where a district court has reasonably balanced the relevant private interest and public interest factors, the district court's decision "deserves substantial deference."[3]  Although a plaintiff's choice of forum is

---

[2] *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379 (5th Cir. 2002); *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir. 1993).

[3] *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981)); *see also Van Cauwenberghe v. Biard*,

entitled to a presumption in favor of convenience, the presumption applies with less force "[w]hen the plaintiff's choice is not its home forum."[4]

As we explained in *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379-80 (5th Cir. 2002), the *forum non conveniens* inquiry consists of four steps that must be considered in sequence:

> First, the district court must assess whether an alternative forum is available. An alternative forum is available if the entire case and all parties can come within the jurisdiction of that forum. Second, the district court must decide if the alternative forum is adequate. An alternative forum is adequate if the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court. If the district court decides that an alternative forum is both available and adequate, it next must weigh various private interest factors. If consideration of these private interest factors counsels against dismissal, the district court moves to the fourth consideration in the analysis. At this stage, the district court must weigh numerous public interest factors. If these factors weigh in the moving party's favor, the district court may dismiss the case.[5]

As the quoted passage indicates, and as is further clarified by *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 371-72 (5th Cir. 1992), the "availability and adequacy" of the alternative forum are "threshold requirements" that must be established before the private interest factors and public interest factors are considered.

---

486 U.S. 517, 529 (1988) ("[T]he district court is accorded substantial flexibility in evaluating a *forum non conveniens* motion . . . .").

[4] *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (citing *Piper Aircraft Co.*, 454 U.S. at 255-56); *see also Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 373 (5th Cir. 1992) ("When a plaintiff chooses a foreign forum for its claims, courts are reluctant to assume that convenience motivated that choice.").

[5] *Gonzalez*, 301 F.3d at 379-80 (internal citations and quotation marks omitted).

No. 13-20230

III.

When considering the threshold requirements that an alternative forum must be adequate and available, district courts are obligated "to ensure that plaintiffs can reinstate suits in American courts if the defendants obstruct jurisdiction in the alternative forum."[6]   Accordingly, when a district court dismisses a case on the basis of *forum non conveniens*, the "failure to include a return jurisdiction clause . . . constitutes a *per se* abuse of discretion."[7]  In the present case, the district court did include a return jurisdiction clause, but failed to address the parties' evidence in the record regarding this litigation's potential untimeliness in the Mexican forum.  As explained below, we now remand so that the district court may consider that issue.

Where litigation in a particular forum has become time-barred, that forum is no longer an available forum for the purposes of a *forum non conveniens* analysis.  As we observed in *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1248 (5th Cir. 1983), it would be "exceedingly harsh" to dismiss for *forum non conveniens* "if no other forum is available to plaintiff at the time of dismissal" due to the expiration of a time limit in a foreign jurisdiction.  In the same decision, however, we also acknowledged that "if the plaintiff's plight is of his own making—for instance, if the alternative forum was no longer available at the time of dismissal as a result of the deliberate choice of an inconvenient forum—the court would be permitted to disregard this consideration and dismiss."[8]  Other courts have applied the same analysis.[9]

---

[6] *Baris v. Sulpicio*, 932 F.2d 1540, 1551 (5th Cir. 1991).

[7] *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 675 (5th Cir. 2003) (quoting *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 907-08 (5th Cir. 1997)).

[8] *Veba-Chemie*, 711 F.2d at 1248 n.10.

[9] *Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F.3d 189, 203 (4th Cir. 2009) (concluding that "knowingly and purposefully opt[ing] to miss the deadline for filing . . . claims in [China]" would defeat the untimeliness argument with respect to the Chinese court's availability as an alternative forum); *Castillo v. Shipping Corp. of*

No. 13-20230

In the present case, although the record suggests that untimeliness may become a significant issue in the Mexican judicial proceedings, the district court did not account for this possibility in its return jurisdiction clause. Instead, the district court simply stated that it would "condition . . . dismissal on the [Appellees'] stipulation that they will fully submit to jurisdiction in Mexico for purposes of this dispute." The district court then instructed Appellees to "waiv[e] any jurisdictional defenses they might normally possess." Based on the ambiguous record, however, it is unclear whether this instruction accords with our reasoning in *Veba-Chemie*, 711 F.2d at 1248 n.10.

One of the affidavits proffered by Appellants in the proceedings before the district court was authored by Mr. Jose-Davis Enriquez-Rosas, an expert on Mexican law. According to the affidavit, "the opportunity for Cotemar, S.A. de C.V. to appear in the limitation proceedings has already lapsed," although the affidavit does not mention the other two Appellants. We also observe that the record contains translations of Mexican court documents suggesting that ordinary creditors must "present their claims for review within a period of thirty working days" and that "claimants residing abroad . . . shall be given a deadline of sixty working days to present their claims." It therefore appears possible that one or more Appellants no longer can obtain relief against Appellees in the Mexican courts based on untimeliness.[10] Additionally, although the district court has instructed Appellees to "submit fully" to the

---

*India*, 606 F. Supp. 497, 504 (S.D.N.Y. 1985) ("It would be a strange world if a litigant could 'bootstrap' himself into a New York court by missing the statute of limitations in the proper forum.").

[10] On the other hand, we also note Appellants' own contention that "[t]he Mexican Limitation Proceeding is not a lawsuit," perhaps implying that a separate proceeding must be instituted in Mexico to prove liability and damages. The time bar identified by Mr. Enriquez-Rosas with respect to the limitation proceeding therefore may not have any effect on such a proceeding. It may also be that the time bar affects only those Appellants who were properly served in the limitation proceedings.

6

Mexican judicial proceedings, there is no indication of whether this instruction would also require Appellees to waive any legitimate defenses relating to untimeliness that Appellees may have acquired based on Appellants' lack of diligence under *Veba-Chemie*, 711 F.2d at 1248 n.10.

On remand, we direct the district court to make findings regarding the availability of the Mexican courts with respect to the untimeliness issue. The district court must then revise its return jurisdiction clause in accordance with our decision in *Veba-Chemie*, 711 F.2d at 1248 n.10. The district court should also consider Appellants' argument regarding the reasonableness of bringing their claims first in the United States, rather than simultaneously submitting to jurisdiction in Mexico initially by entering an appearance in the limitation proceedings. If access to relief in the Mexican courts has become time-barred for reasons not of Appellants' "own making," then the Mexican courts are no longer an available alternative forum. If such is the case, then Appellants' lawsuit must proceed in the United States. On the other hand, if Appellants may still pursue relief in the Mexican courts, or if any time bar now in effect has resulted from Appellants' "deliberate choice," then the district court may "disregard this consideration and dismiss."

## IV.

We reject each of Appellants' other arguments regarding the adequacy of the Mexican courts as a forum[11] and the district court's evaluation of the private interest and public interest factors. Most notably, Appellants are wrong to suggest, based on our decision in *Baris v. Sulpicio*, 932 F.2d 1540, 1550 n.14 (5th Cir. 1991), that Appellees failed to provide sufficient proof for

---

[11] In particular, with respect to the adequacy of the remedies available in the Mexican courts, Appellees argue that the amount of damages available in the Mexican courts is extremely low in comparison to the amount of damages available in the United States. We have rejected this argument in several previous cases, however. *See Gonzalez*, 301 F.3d at 381-83; *Vasquez*, 325 F.3d at 672.

the district court to believe that litigation in Mexico would improve access to witnesses and evidence. As explained in *Empresa Lineas*, 955 F.2d at 371-72, "the *Baris* affidavit requirement" is necessary only for "determining forum availability and adequacy" and does not apply to "all elements of defendant's burden." Rather, when the district court is faced with balancing the private interest and public interest factors, a defendant may successfully invoke *forum non conveniens* simply by producing "enough information to enable the District Court to balance the parties' interests."[12]

Here, the materials before the district court included documentary evidence showing that Mexican officials had investigated the events of the present case. It was reasonable for the district court to conclude that these investigators' testimony would be relevant to adjudicating Appellants' contributory negligence. Contrary to Appellants' suggestions, the district court need not assess whether Appellees' arguments regarding contributory negligence are likely to prevail. Accordingly, the district court did not abuse its discretion by concluding that the private interest factors weighed in favor of litigating in Mexico.[13] We also find that the district court did not abuse its discretion with respect to evaluating the public interest factors.

We observe, however, that Appellants' seizure of Appellees' vessel in the Eastern District of Louisiana may constitute a supervening change of circumstances with respect to balancing the private interest and public interest factors. As we observed in *Concerned Citizens of Vicksburg v. Sills*,

---

[12] *Empresa Lineas*, 955 F.2d at 372 ("[The imposition of a blanket rule requiring affidavit evidence as to [the private interest and public interest factors] would invite protracted discovery in every case, and would tend to inflict an impossible burden on defendants who are seeking dismissal for the very reason that they cannot compel evidence, including the evidence necessary to argue for dismissal.") (citing *Piper Aircraft Co.*, 454 U.S. at 258); *see also Taylor v. Tesco Corp. (US)*, 754 F. Supp. 2d 840, 843 n.2 (E.D. La. 2010).

[13] *See Van Cauwenberghe*, 486 U.S. at 529; *DTEX, LLC*, 508 F.3d at 794 (citing *Piper Aircraft Co.*, 454 U.S. at 257).

No. 13-20230

567 F.2d 646, 649-50 (5th Cir. 1978), and reaffirmed more recently in unpublished decisions,[14] supervening changes of circumstances must be taken into account even where they materialize during the pendency of an appeal:

> [A]n appellate court is obligated to take notice of changes in fact or law occurring during the pendency of a case on appeal which would make a lower court's decision, though perhaps correct at the time of its entry, operate to deny litigants substantial justice. . . . [T]he preferred procedure is to remand to give the district court an opportunity to pass on the changed circumstances.[15]

In this regard, Appellants now suggest that the seizure of the vessel might potentially oblige the parties to litigate one action in Louisiana and another in Mexico at the same time. Without prejudging the result, therefore, we conclude that the district court should determine whether simultaneously pursuing an *in rem* action against Appellees' vessel in the Eastern District of Louisiana would render litigation in Mexico less convenient based on one or more of the private interest and public interest factors.

V.

Accordingly, as set forth above, we AFFIRM in part and VACATE in part the judgment of the district court conditionally granting Appellees' motion to dismiss for *forum non conveniens*. We REMAND for further proceedings in accordance with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.

---

[14] *Illusions-Dallas Private Club Inc. v. Steen*, 320 F. App'x 274, 275 (5th Cir. 2009); *Vodicka v. Peruna Properties Inc.*, 286 F. App'x 160, 162 (5th Cir. 2008).

[15] *Sills*, 567 F.2d at 649-50 (internal citations and quotation marks omitted).