**LATIMER v. CRANOR, Superintendent of Washington State Penitentiary.**

No. 13757.

United States Court of Appeals
Ninth Circuit.

June 22, 1953.

George D. Latimer, in pro. per., for appellant.

Don Eastvold, Atty. Gen., State of Wash., Cyrus A. Dimmick, Asst. Atty. Gen., State of Wash., for appellee.

Before DENMAN, Chief Judge, and HEALY and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment of the United States District Court for the Eastern District of Washington, denying an application for habeas corpus by a state prisoner. A former application had been dismissed without prejudice because of a failure to exhaust state remedies.

Latimer was convicted on a charge of forgery in Stevens County, Washington, on August 31, 1937, and was given a sentence of twenty years. On May 16, 1951, he was released on parole. On September 26, 1951, he was convicted in King County, Washington, on a new charge of forgery and was sentenced thereunder. It is this sentence

that is being attacked by the application for the writ. On May 5, 1952, the Washington State Board of Pardons and Paroles issued an order revoking the parole on the first judgment. At this stage of the proceedings, on January 6, 1953, the judgment appealed from was entered—a dismissal of the application as premature because Latimer was serving a valid pre-existing sentence.

Subsequent to the district court's decision, on March 28, 1953, the Superior Court in and for the State of Washington in and for Stevens County, Washington, granted Latimer's petition for a writ of habeas corpus and held that he had fully served his time under the 1937 judgment and returned him to prison to serve *only* the 1951 sentence. The Superintendent does not question its finality. Thus it would seem that the ground relied upon by the district court for dismissing the petition is no longer in existence.

In Sharpe v. Buchanan, 317 U.S. 238, 63 S.Ct. 245, 87 L.Ed. 238, the petitioner had not exhausted his state remedies when he applied for a writ in the federal courts. The district court denied the petition and the court of appeals affirmed on the sole ground that the state remedies had not been exhausted. Between the time of this latter judgment and the time of consideration by the Supreme Court, the petitioner exhausted his state remedies. The Supreme Court ordered the judgment vacated and remanded the cause for such further proceedings as the court of appeals deemed appropriate. We have held that it is the condition of the habeas corpus proceeding as it is in the appellate court which is determinative. Thomas v. Teets, 9 Cir., 205 F.2d 236. This is similar to the rule in ordinary appellate cases that an appellate court must consider any change of law or fact which has occurred since the judgment was rendered in disposing of a case. Patterson v. State of Alabama, 294 U.S. 600, 607, 55 S. Ct. 575, 79 L.Ed. 1082; Watts, Watts & Co. v. Unione Austriaca De Navigazione, etc., 248 U.S. 9, 21, 39 S.Ct. 1, 63 L.Ed. 100.

The judgment is vacated and the case remanded to the district court for its consideration in view of the above state court's decision.