**Albert JOHNSON et al., Petitioners-Appellants,**

v.

**STATE OF MISSISSIPPI et al., Respondents-Appellees.**

**No. 73-1476.**

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1974.

Rehearing and Rehearing En Banc Denied March 15, 1974.
See 491 F.2d 94.

James E. Winfield, Frank R. Parker, Isaiah Madison, Jackson, Miss., for petitioners-appellants.

John Ellis, Dist. Atty., George Chaney, Warren County Pros. Atty., Vicksburg, Miss., A. F. Summer, Atty. Gen., State of Miss., Ed Davis Noble, Jr., Asst. Atty. Gen., Jackson, Miss., for respondents-appellees.

Before GODBOLD, DYER and GEE, Circuit Judges.

DYER, Circuit Judge:

This is an appeal from the district court's order remanding state criminal prosecutions which appellants had removed to federal court pursuant to 28 U.S.C.A. § 1443(1) and 18 U.S.C.A. § 245(b). Because § 245 is not a law providing for the equal civil rights of citizens within the meaning of the removal statute, we affirm.

Appellants are black citizens of Vicksburg, Mississippi who organized a boycott of local businesses for the purpose of gaining equal employment opportunities in the privately owned stores and in

city government and its agencies, and to publicize other civil rights grievances. Picketing and leafleting began in late March of 1972 and continued until early May of the same year when the forty-nine appellants were arrested and charged with criminal restraint of trade and criminal conspiracy in restraint of trade. In an attempt to utilize the removal statute, 28 U.S.C.A. § 1443(1),[1]

appellants assert that the Civil Rights Act of 1968, 18 U.S.C.A. § 245,[2] is a pre-emptive statute which granted the right to be free from harassment, such as subjection to spurious criminal charges, for having engaged in constitutionally protected activity. Therefore, they assert that they are entitled to have their prosecutions removed from the state court.[3]

1. The relevant provision of 28 U.S.C.A. § 1443(1) reads:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

2. Appellants rely on the following provisions of 18 U.S.C.A. § 245:

> § 245
> (b) Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—
> (1) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from—
> * * * * *
> (C) applying for or enjoying employment, or any perquisite thereof, by any agency of the United States;
> (2) any person because of his race, color, religion or national origin and because he is or has been—
> (A) enrolling in or attending any public school or public college;
> (B) participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof;
> (C) applying for or enjoying employment, or any perquisite thereof, by any private employer or any agency or any State or subdivision thereof, or joining or using the services or advantages of any labor organization, hiring hall, or employment agency;
> * * * * *
> (F) enjoying the goods, services, facilities, privileges, advantages, or accommodations of any inn, hotel, motel, or other establishment which provides lodging to transient guests, or of any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or

other facility which serves the public and which is principally engaged in selling food or beverages for consumption on the premises, or of any gasoline station, or of any motion picture house, theater, concert hall, sports arena, stadium, or any other place of exhibition or entertainment which serves the public and (i) which is located within the premises of any of the aforesaid establishments or within the premises of which is physically located any of the aforesaid establishments, and (ii) which holds itself out as serving patrons of such establishments; or

> * * * * *

> (4) any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from—
> (A) participating, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described in subparagraphs (1)(A) through (1)(E) or subparagraphs (2)(A) through (2)(F); or

> (B) affording another person or class of persons opportunity or protection to so participate; or

> (5) any citizen because he is or has been, or in order to intimidate such citizen or any other citizen from lawfully aiding or encouraging other persons to participate, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described in subparagraphs (1)(A) through (1)(E) or subparagraphs (2)(A) through (2)(F), or participating lawfully in speech or peaceful assembly opposing any denial of the opportunity to so participate—
> shall be fined not more than $1,000, or imprisoned not more than one year, or both; and if bodily injury results shall be fined not more than $10,000, or imprisoned not more than ten years, or both; and if death results shall be subject to imprisonment for any term of years or for life. . . .

3. Subsequent to the filing of this appeal, the grand jury returned no true bills in 43 cases, hence only six of the original appellants still have an interest in removal.

At the outset, we note that there is no question of appellants' right to engage in peaceful picketing. Machesky v. Bizzell, 5 Cir. 1969, 414 F.2d 283; Smith v. Grady, 5 Cir. 1969, 411 F.2d 181; Kelly v. Page, 5 Cir. 1964, 335 F.2d 114. Although the state contends that the arrests were predicated not on peaceful protest, but on acts of intimidation and coercion, the question in this appeal is not whether appellants had a constitutional right to engage in the activity for which they are now being prosecuted, but whether they are entitled to invoke the extraordinary protection of the removal statute. The key to removal under § 1443(1) is whether there exists a law "providing for . . . the equal civil rights of citizens." Unlike all previous cases which have interpreted the phrase and which have focused on whether a particular statute meets the "equal civil rights" test, the essential inquiry here is whether § 245, which clearly deals with equal civil rights, meets the requirement that the law be one *providing* such rights.

Our consideration of whether § 245 is within the contemplation of § 1443(1) begins with Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, in which the Supreme Court gave careful consideration to the legislative history of the removal statute. The Court's conclusion that § 1443(1) encompasses

"any law providing for specific civil rights stated in terms of racial equality" must be read in conjunction with the Court's reference to the Civil Rights Act of 1866 as the "model" of a law within the meaning of § 1443(1). The 1866 Act, the substantive provisions of which are now codified as 42 U.S.C.A. § 1981 and § 1982,[4] bestowed certain basic rights regardless of race. The *Rachel* Court concluded that the Civil Rights Act of 1964,[5] which *granted* the right to racially nondiscriminatory service in places of public accommodation, was also within the compass of the removal statute. In explicating the rationale for its determination that the 1964 Act, like the model of 1866, was within § 1443(1), the Court said:

> That Act [the Civil Rights Act of 1964] is clearly a law *conferring* a specific right of racial equality, for . . . *it guarantees* to all the "full and equal enjoyment" of the facilities of any place of public accommodation without discrimination on the ground of race.

Id. at 792–793, 86 S.Ct. at 1790 (emphasis supplied)

Unlike the defendants in *Rachel*, the defendants in City of Greenwood v. Peacock, 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944, were unsuccessful in their effort to remove their state prosecutions. The Court in *Peacock* gave two

---

4. § 1981 provides:

   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

   § 1982 provides:

   All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

5. 42 U.S.C.A. § 2000a(a)

   All persons shall be entitled to the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C.A. § 2000a-2

   No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive, any person of any right or privilege secured by section 2000a or 2000a-1 of this title, or (b) intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a or 2000a-1 of this title, or (c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000a or 2000a-1 of this title.

reasons for reaching a result opposite that of *Rachel:*

First, no federal law confers an absolute right on private citizens—on civil rights advocates, on Negroes, or on anybody else—to obstruct a public street, to contribute to the delinquency of a minor, to drive an automobile without a license, or to bite a policeman. Second, no federal law confers immunity from state prosecution on such charges.

Id. at 826–827, 86 S.Ct. at 1812.

Focusing on the first point, that is, the absence of a federal law which granted a right to engage in acts which would otherwise be in violation of state law, this Court in Whatley v. City of Vidalia, 5 Cir. 1968, 399 F.2d 521, concluded that the Voting Rights Act of 1965 granted the specific civil right found lacking in *Peacock.* Section 11(b) of the 1965 Act, now 42 U.S.C.A. § 1973i(b) specifically forbade any "attempt to intimidate, threaten, or coerce any person for urging or aiding any person to vote or attempt to vote." Although phrased in prohibitory language, the law *created* a new legal right, and was, therefore, held to be one which provides for equal civil rights.

Appellants contend that the proscriptions of § 245 must lead to the same legal conclusion as that reached in *Whatley.* In other words, since § 245, like § 1973i(b), forbids certain forms of harassment such as the bringing of spurious criminal charges, the appellants in the case *sub judice* have a right of removal equivalent to that accorded the appellants in *Whatley.* This argument, however, misses an essential distinction between the two statutes. Unlike § 1973i(b), § 245 is exclusively a criminal statute. While a variety of acts which interfere with the exercise of civil rights are made criminal by § 245, that statute confers no rights whatsoever. When compared to the "model" of 1866 cited by the Supreme Court in *Rachel,*

and to the laws since held to be within § 1443(1), § 245 cannot be characterized as a law which *provides* for the equal civil rights of citizens.

Because of our determination that appellants cannot rely on § 245 as a basis for seeking removal, the order of the district court remanding these cases to the state court must be

Affirmed.