Albert **JOHNSON** et al., Petitioners-
Appellants,

v.

**STATE OF MISSISSIPPI** et al.,
Respondents-Appellees.

No. 73-1476.

United States Court of Appeals,
Fifth Circuit.

March 15, 1974.

James E. Winfield, Frank R. Parker, Isaiah Madison, Jackson, Miss., for petitioners-appellants.

John Ellis, Dist. Atty., George Chaney, Warren County Pros. Atty., Vicksburg, Miss., A. F. Summer, Atty. Gen., St. of Miss., Ed Davis Noble, Jr., Asst. Atty. Gen., Jackson, Miss., for respondents-appellees.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion January 14, 1974, 5 Cir., 1974, 488 F.2d 284).

———◆———

Before GODBOLD, DYER and GEE, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also denied.

———◆———

Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY and GEE, Circuit Judges.

BROWN, Chief Judge, with whom WISDOM, THORNBERRY, GOLDBERG and AINSWORTH, Circuit Judges, join, dissenting:

I dissent to the Court's denial of rehearing en banc for two reasons. First, the issue is of recurring transcendent importance. Second, the panel's decision in my opinion is doubtful if not erroneous.

The question of whether the right of removal, 28 U.S.C.A. § 1443(1), should be denied to those persons seeking redress under 18 U.S.C.A. § 245 is of such moment that it cries out for consideration by the en banc court and should not be disposed of by the panel's sweeping but wholly unrevealing wave-of-the-hand declaration that § 245 "confers no rights whatsoever." This Court has in no prior decision authoritatively resolved the question of whether Congress intended to confer rights upon the victims of conduct which is made a criminal offense under § 245.

It is my opinion that the panel improperly concluded that § 245 is not a law providing for the equal civil rights of citizens within the meaning of the removal statute. The restrictive interpretation applied to § 245 refuses appellants their "right" to peacefully protest racial discrimination free from the harrassment of bad-faith prosecutions inspired by their activities.

Such a right is, of course, provided for and guaranteed under the First Amendment. While *Rachel* [Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925] teaches that the broad protection afforded all citizens by the Constitution precludes the characterization of any of its provisions as a "law providing for equal civil rights" within the meaning of § 1443(1), § 245(b)(5) nevertheless provides unique, specific protection—phrased in terms of race—for the First Amendment right to protest segregation. Consequently it is a law

*providing* for *equal* civil rights, satisfying the requirements of the civil rights removal statute.

\*    \*    \*    \*    \*    \*

In both its purpose (preventing unwarranted interference with the exercise of Federally protected equal civil rights) and the scope of its prohibition (against attempted injury, intimidation or interference by force or threat of force) § 245(b) is indistinguishable from the relevant provisions of the 1964 Civil Rights Act held sufficient to support removal jurisdiction in *Rachel*.

Perkins v. Mississippi, 5 Cir., 1972, 455 F.2d 7, 42–43 (Brown, C. J., dissenting).

Furthermore, the panel describes § 245 as exclusively a criminal statute not conferring any substantive rights. This position fails to recognize our Court's policy of according full effect to the remedial objectives inherent in congressional acts which seek to protect disadvantaged persons. Gomez v. Florida State Employment Service, 5 Cir., 1969, 417 F.2d 569, 576; Hall v. Garson, 5 Cir., 1970, 430 F.2d 430; Moreno v. Henckel, 5 Cir., 1970, 431 F.2d 1299.

"No one can look at the atmosphere in which § 245 and its related parts were enacted without sensing that the whole thrust was a strong, immediate, indignant congressional response to spectacularly violent outrages against Negroes."

Perkins v. Mississippi, 5 Cir., 1972, 470 F.2d 1371, 1373 (Brown, C. J., dissenting)[1].

The foreboding result which excludes § 245 from the ambit of removal establishes a precedent which will prevent the federal courts from granting relief in future cases of spurious criminal prosecutions against persons protesting racial discrimination. Even worse, this ruling, if it is allowed to stand, leaves a large group of potential victims without effective personal redress for acts which run the gamut of crass, undisguised racial discrimination.[2] It is not confined merely to those pursued by unfounded prosecutions.

It denies history and the temper of Congress in the times giving rise to § 245 to assume that Congress, while on the one hand giving the awesome sanction of criminal law, meant on the other to grant no implied statutory claim to seek redress by damages for the conduct which violates the law. The law was designed to protect the oppressed. It hardly satisfies their needs when the only comfort to be derived is to send the perpetrator to jail and the victim is left without redress for damages directly flowing from the admitted criminal act.

1. Ostensibly *Perkins* may appear to state the law but in reality it is not a precedent, as witness the panel's failure to cite it in the instant case. With petition for rehearing of the en banc decision still pending, the parties settled the whole case. We expressly denied the appellant-plaintiff's motion to vacate and dismiss as moot, but in fact it was moot. Review by the Supreme Court became impossible and under all precedents the case was effectually eradicated so it spawns no legal precedents. Troy State University v. Dickey, 5 Cir., 1968, 402 F.2d 515, 516–517; New Left Educ. Project v. Board of Regents, 5 Cir., 1973, 472 F.2d 218, 221; National Lawyers Guild v. Board of Regents, 5 Cir., 1974, 490 F.2d 97.

2. Section 245 protects voting, voting procedures, running for office, enjoyment of governmental programs, employment by the United States, serving as a juror, attending school, enjoyment of state programs, joining or using a labor union, enjoying the services of inns, hotels, restaurants, encouraging others to protest against discrimination, enjoyment of free speech and public assembly, and many more.