687 F.2d 801
 GARDEN STATE BAR ASSOCIATION and the New Jersey Association
of Black Women Lawyers, both corporations organized under
the laws of the State of New Jersey; National Conference of
Black Lawyers, a corporation organized under the laws of the
District of Columbia; and Lennox Hinds, Appellants,
v.
MIDDLESEX COUNTY ETHICS COMMITTEE, an agency established by
the Supreme Court of New Jersey.
 No. 80-1224.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6).
Decided Sept. 8, 1982.
 
 Morton Stavis, c/o Center for Constitutional Rights, Hoboken, N.J., Bernard K. Freamon, Newark, N.J., for appellants.
 Irwin I. Kimmelman, Atty. Gen. of N.J., John J. Degnan, Former Atty. Gen. of N.J., Mary Ann Burgess, Asst. Atty. Gen., Trenton, N.J., for appellee.
 Before ADAMS, WEIS, and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This case is before us on remand by the Supreme Court. In our decision, Garden State Bar Association v. Middlesex County Ethics Committee, 643 F.2d 119, rehearing denied, 651 F.2d 154 (3d Cir. 1981) (en banc), we held that the abstention doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), was inapplicable to the suit brought by plaintiff-appellant Hinds on the ground that the state bar disciplinary proceedings did not provide Hinds a meaningful opportunity to adjudicate his claims challenging the constitutionality of New Jersey's disciplinary rules. Following our decision, the New Jersey Supreme Court, acting on its own motion, ordered certification of the complaint against Hinds, including consideration of "the constitutional challenges to DR 1-102 and DR 7-107(D) raised by respondent." In addition, that court subsequently amended its rules to allow a party charged in a disciplinary proceeding to move before the New Jersey Supreme Court for interlocutory review of a constitutional challenge to a disciplinary rule. R. 1:20-4(d)(i). The Supreme Court granted certiorari and reversed the judgment of this court, holding that federal courts considering the appropriateness of Younger abstention should take into account subsequent developments, such as the actions of the New Jersey Supreme Court with regard to Hinds' challenge, and that in light of those developments abstention was appropriate because Hinds "has had abundant opportunity to present his constitutional challenges to the state disciplinary proceedings." Middlesex County Ethics Committee v. Garden State Bar Association, --- U.S. ----, ---- - ----, 102 S.Ct. 2515, 2523-24, 73 L.Ed.2d 116 (1982) (footnote omitted).
 
 
 2
 Following the decision of the Supreme Court, the New Jersey Supreme Court filed its opinion on the complaint against Hinds and the constitutional challenges raised by him. That court upheld the constitutionality of the disciplinary rules which Hinds challenged, set forth the standard to be followed in applying DR 7-107(D) to extrajudicial statements, and dismissed the charges against Hinds on the ground that its determination would be given prospective effect only. In re Lennox S. Hinds, 90 N.J. 604, 449 A.2d 483, No. D-16 Sept. Term 1981 (N.J. Aug. 4, 1982).
 
 
 3
 In their memorandum on remand the three organizations who had joined with Hinds as co-plaintiffs in the complaint filed in the district court, the Garden State Bar Association, the New Jersey Association of Black Women Lawyers, and the National Conference of Black Lawyers, request that we remand this case to the district court for consideration of the right of the plaintiff organizations to continue their litigation challenging the constitutionality of the disciplinary rules in question. These organizations point to the footnote in the opinion of the Supreme Court in this case which states:
 
 
 4
 It is not clear whether the Court of Appeals decided whether abstention would be proper as to the respondent organizations who are not parties to the state disciplinary proceedings. We leave this issue to the Court of Appeals on remand.
 
 
 5
 Middlesex County Ethics Committee v. Garden State Bar Association, 102 S.Ct. at 2524 n. 17. The organizations correctly note that in our opinion on rehearing, we stated that in our original opinion in this case we did not reach the issue of the propriety of dismissal on abstention grounds of the plaintiff organizations who were not party to the state disciplinary proceedings. 651 F.2d at 157. We noted, however, that thereafter this court held that abstention is improper with respect to such parties, citing New Jersey-Philadelphia Presbytery of the Bible Presbyterian Church v. New Jersey State Board of Higher Education, 654 F.2d 868, 881 (3d Cir. 1981). Id. at 157-58. The defendant-appellee, Middlesex County Ethics Committee, opposes a remand of this matter to the district court and argues instead that the decision of this court in New Jersey-Philadelphia Presbytery is inapplicable because the interests of the organizational plaintiff-appellants in this case are solely derivative of that of Hinds. See also 651 F.2d at 159 (Weis, J., dissenting) (on rehearing).
 
 
 6
 The district court has never addressed the question of the status of the plaintiff organizations. We believe that it should have the first opportunity to consider this question, particularly in light of the termination of the disciplinary proceedings against Hinds. Abstention is no longer appropriate, since the New Jersey proceeding has concluded. See Concerned Citizens of Vicksburg v. Sills, 567 F.2d 646, 650-51 (5th Cir. 1978); cf. Steffel v. Thompson, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (federal declaratory relief not precluded in the absence of a pending state proceeding). On remand, the defendant will have an opportunity to raise its challenge to the status and standing of the plaintiff organizations.
 
 
 7
 Judge Weis would direct the entry of judgment in favor of the defendant on the ground that the organizational plaintiffs now lack standing and also for the reason that their claims, being derivative, have been determined.
 
 
 8
 Accordingly, we will affirm the judgment of the district court dismissing the action as to Hinds and we will remand the case as to the three organizational plaintiffs to the district court for further proceedings consistent with this opinion and that of the Supreme Court.