**Tammie Rowe DORSEY and Randy Dorsey, etc., Plaintiffs-Appellants Cross-Appellees,**

**v.**

**Hilmar G. MOORE, Raul Jimenez, et al., Defendants-Appellees Cross-Appellants.**

**No. 82–2391.**

United States Court of Appeals, Fifth Circuit.

Nov. 21, 1983.

Nell & Sortino, Steven D. Ross, Houston, Tex., for plaintiffs-appellants cross-appellees.

Ann Clarke Snell, Asst. Atty. Gen., Bickerstaff, Heath & Smiley, Mary F. Keller, Asst. Atty. Gen., Austin, Tex., for defendants-appellees cross-appellants.

Before BROWN, THORNBERRY and TATE, Circuit Judges.

TATE, Circuit Judge:

The plaintiffs Tammie Rowe Dorsey and Randy Dorsey filed an action against the defendants, agents and employees of the Texas Department of Human Resources, seeking relief for the defendants' actions in temporarily removing the plaintiffs' infant children from their home. The Dorseys now appeal the judgment of the district court denying them compensatory and declaratory relief pursuant to 42 U.S.C. § 1983 and related provisions of the Social Security Act. The State of Texas cross-appeals, alleging that the district court improperly refused to abstain from deciding the claims presented by the Dorseys' suit. Finding no merit to the contentions raised by either the Dorseys or the State of Texas, we affirm the decision of the district court.

■ The Dorseys first contend that the district court erred by denying compensatory relief pursuant to 42 U.S.C. § 1983 for the defendants' conduct in temporarily removing, at separate times, their two infant children from the family household. The plaintiffs contend that the defendants' actions violated their constitutional right to the integrity of their family and their right to rear their children without unwarranted state intrusion. We need not reach the merits of the plaintiffs' claims, however, since the Dorseys are not entitled to compensatory relief from these defendants in a § 1983 action absent a showing that these defendants were not acting in good faith. *Harlow v. Fitzgerald,* 457 U.S. 800, 814–20, 102 S.Ct. 2727, 2737–40, 73 L.Ed.2d 396 (1982).

The district court found that the plaintiffs made no showing that the defendants acted with malicious intent, or otherwise without "good faith." The record indicates that the employee of the Texas Department of Human Resources who removed the first child contacted her supervisor and obtained judicial approval prior to effecting the removal. Similarly, the second removal took place only after judicial approval. In light of these circumstances and others in the record, we do not find the trial court's determination of the defendants' good faith to be clearly erroneous. Accordingly, the plaintiffs are not entitled to compensatory damages from these defendants on their § 1983 claim.

■ The Dorseys next seek declaratory relief against these defendants for failing to provide them with the full panoply of rehabilitative and ameliorative services for families under Title XX of the Social Security Act. Insofar as the plaintiffs sought counseling and rehabilitative services for themselves and their children by reason of the temporary separation of the children from the parents, these claims for declaratory relief were rendered moot when the state returned the children to the Dorseys. Nor have the plaintiffs shown that they have been wrongfully denied services that they were entitled to receive since that time, or that they are likely to be denied such services. We thus conclude that the

district court properly refused to enter a judgment for declaratory relief.

The State of Texas cross-appeals claiming that the district court should have abstained from ruling upon the plaintiffs' claims in this suit since child removal issues are primarily matters of state concern and since state court actions concerning the removal of the Dorsey children were pending at the time the federal suit was filed. However, these state court actions were dismissed prior to the time the district court ruled on the defendants' abstention motion. Hence, even if grounds for abstention existed at the time the motion was made, the district court properly took notice of the conclusion of the state proceeding and did not err by refusing to abstain. *Concerned Citizens of Vicksburg v. Sills,* 567 F.2d 646, 649–50 (5th Cir.1978). As the Supreme Court noted in *Lake Carriers' Association v. MacMullan,* 406 U.S. 498, 509, 92 S.Ct. 1749, 1757, 32 L.Ed.2d 257 (1972), abstention principles are "premised on considerations of equity practice and comity in our federal system that have little force in the absence of a pending state proceeding."

Accordingly, as to the contentions on both parties on appeal, we AFFIRM the judgment of the district court.

AFFIRMED.