[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12727

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEKEY DAVIS,
a.k.a., Kee Boo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cr-00003-TES-CHW-9

_____

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Lekey Davis appeals the reinstatement of his 210-month sentence for conspiracy to possess with intent to distribute cocaine. In light of *United States v. Dupree*, we vacate Davis's sentence and remand for resentencing. But we reject Davis's other arguments.

## I.

In August 2021, Davis pled guilty in a one-count superseding information alleging conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, in connection with 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(ii). A Presentence Investigation Report calculated a base offense level of 24. Because the offense was a "controlled substance offense" and Davis had two prior felony convictions for such offenses, he was classified as a career offender under U.S.S.G. § 4B1.1(b)(2). His offense level was therefore adjusted to 34. Though his acceptance of responsibility and timely plea entry helped, Davis's career offender offense level was set at 31. His Guidelines range landed at 188-235 months' imprisonment.

Davis's counsel received an extension to object to the report, but never provided objections. Counsel then filed a motion to continue the sentencing hearing because he had not yet had the opportunity to advise Davis on the range of his sentence. At the hearing itself, Davis's counsel stated that he had not yet spoken

with Davis about the Presentence Investigation Report. The district court permitted Davis and counsel to confer briefly off the record.

The district court sentenced Davis to 210 months' imprisonment consecutive to Georgia state sentences. The court instructed both parties that they had 14 days to appeal. Neither side objected. Davis did not appeal.

Instead, in September 2022, Davis filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Davis argued that counsel had rendered deficient performance prior to and during the sentencing hearing, as well as for failing to file a notice of appeal. Davis stated that he had instructed counsel to file an appeal of his sentence, but that counsel never did so.

While Davis's § 2255 motion was pending, this Court decided *United States v. Dupree*. *See* 57 F.4th 1269 (11th Cir. 2023) (en banc). There, we held (1) that inchoate offenses are not "controlled substance offenses" under U.S.S.G. § 4B1.2(b), and (2) that conspiracy offenses under 21 U.S.C § 846 qualify as inchoate offenses. *See id.* at 1277–79, 1272 n.1. We therefore vacated the defendant's sentence and remanded for resentencing. *Id.* at 1280.

Prior to our holding in *Dupree*, a magistrate judge conducted an evidentiary hearing on Davis's § 2255 motion. Davis's new court-appointed counsel agreed to limit the scope of the hearing to whether counsel was ineffective for failing to appeal. At the hearing, Davis's trial counsel testified that he could not remember whether he had discussed an appeal with Davis, admitted to

blocking calls from jail numbers to his phone, and noted that he did not object to Davis's sentence at the sentencing hearing. Davis testified that he had instructed trial counsel that he wanted to appeal, and that counsel had said he would file an appeal.

The magistrate judge granted Davis's motion in part. The magistrate judge concluded that Davis's trial counsel had been "ineffective in failing to commence a direct appeal" on Davis's behalf but recommended dismissing the other issues raised in the motion. The magistrate judge recommended that the district court vacate its prior judgment, reimpose an identical sentence, and allow Davis to file a timely notice of appeal.

The district court adopted the magistrate judge's recommendation in full and scheduled a hearing on resentencing. In the meantime, the Probation Office filed a revised Presentence Investigation Report. Post-*Dupree*, Davis was no longer classified as a career offender and his Guidelines range was reduced to 60-71 months.

In response to the revised report, the government urged the district court to cancel the sentencing hearing and to reimpose Davis's original sentence. Davis disagreed, contending that *Dupree* entitled him to be resentenced de novo based on his recalculated Guidelines range.

The district court sided with the government, canceled the hearing, and reimposed Davis's original sentence. The court explained that it was following the "prescribed route" for resentencing in this Circuit. Davis now timely appeals.

23-12727            Opinion of the Court            5

## II.

We review a district court's decision to classify a defendant as a career offender under U.S.S.G. § 4B1.1 de novo. *United States v. Gibson*, 434 F.3d 1234, 1243 (11th Cir. 2006).

## III.

Davis raises two claims on appeal. *First*, Davis argues that the trial court abused its discretion by not conducting a de novo sentencing rehearing following vacatur of his original sentence. *Second*, he contends that trial counsel rendered ineffective assistance of counsel before and during his sentencing hearing.

Before reaching these issues, however, we assess whether Davis is entitled to have his sentence vacated in light of *Dupree*.

### 1.

Because Davis is now on direct appeal, the government concedes that his sentence should be vacated and the case remanded to the district court for resentencing per *Dupree*. We agree that *Dupree* mandates that Davis be resentenced. At the time of Davis's sentencing, Circuit precedent compelled that Davis be sentenced as a career offender under U.S.S.G. § 4B1.1(a). *See United States v. Weir*, 51 F.3d 1031, 1031 (11th Cir. 1995). But *Dupree* overruled *Weir* and held that the "plain language" of "controlled substance offense" in U.S.S.G. § 4B1.2(b) "unambiguously excludes inchoate offenses." 57 F.4th at 1277. Conspiracy—the offense that triggered Davis's classification as a career offender under the Guidelines—is an inchoate offense. *Id.* The sentencing

enhancement should not have been applied because Davis does not qualify as a career offender.[1]

Davis is entitled to the benefit of *Dupree*. Although Davis's sentence was "perhaps correct at the time of its entry," we may "take notice of changes in fact or law occurring during the pendency of a case on appeal" that would "deny litigants substantial justice." *Concerned Citizens of Vicksburg v. Sills*, 567 F.2d 646, 649 (5th Cir. 1978) (quotation omitted). We therefore vacate Davis's sentence and remand to the district court for resentencing.

**2.**

Davis nonetheless asserts that the district court erred by not conducting a de novo resentencing hearing after he identified the *Dupree* error. Davis contends that because his trial counsel was found to be ineffective, and because *Dupree* "significantly decreases" his "sentencing exposure," the court abused its discretion by not holding a hearing.

We disagree. In *United States v. Phillips*, this Court outlined what should follow a successful § 2255 claim that a petitioner's trial counsel violated the Sixth Amendment by failing to file a direct appeal: (1) "the criminal judgment from which the out-of-time appeal is to be permitted should be vacated"; (2) "the same

---

[1] We note that effective November 1, 2023, the United States Sentencing Commission amended U.S.S.G. § 4B1.2. Davis's conspiracy offense would now count toward career-offender status. *See* U.S.S.G. § 4B1.2(d). Because Davis committed the offense before November 1, 2023, however, he is entitled to benefit from *Dupree*'s holding. *See id.* § 1B1.11(b)(1).

sentence should then be reimposed"; (3) "upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence"; and (4) "the defendant should also be advised" of the time for filing a notice of appeal from that reimposed sentence.  225 F.3d 1198, 1201 (11th Cir. 2000).  We have since reaffirmed this principle, explaining that "the *Phillips* remedy is limited to permitting the defendant to file what would otherwise be an untimely appeal from the original sentence," necessarily "requir[ing] the district court to re-impose the same sentence as before, which can then be reviewed on appeal."  *United States v. Doyle*, 857 F.3d 1115, 1118 n.2 (11th Cir. 2017).

That is what the district court did here.  By adopting the magistrate judge's recommendation, the court "put the defendant back in the position he would have been in had his lawyer filed a timely notice of appeal."  *McIver v. United States*, 307 F.3d 1327, 1331 (11th Cir. 2002) (alteration adopted and quotation omitted).  This faithful application of precedent was not an abuse of discretion.

**3.**

Davis next contends that we should evaluate his ineffective-assistance-of-counsel claims related to trial counsel's performance prior to and during sentencing.  We decline Davis's invitation.

It is well settled that this Court does not adjudicate *Strickland* claims on direct review.  Indeed, we have held that "our precedents" mandate "the district court to have the opportunity to examine ineffective-assistance claims before we do."  *United States*

*v. Padgett*, 917 F.3d 1312, 1316 (11th Cir. 2019); *see also United States v. Griffin*, 699 F.2d 1102, 1107–09 (11th Cir. 1983).

Though Davis has alleged ways in which his trial counsel performed deficiently in the period leading up to and during his sentencing, the district court has not yet examined these allegations in depth.  Rather, the magistrate judge and district court found that "the record shows that [Davis's counsel] was ineffective in failing to commence a direct appeal on behalf of Movant Davis."  Because the district court granted Davis's § 2255 motion with respect to his counsel's failure to file a notice of appeal, it dismissed Davis's other *Strickland* claims.  We will not address these claims for the first time here.

We note, however, that Davis is not barred from pursuing his additional *Strickland* claims.  An "order granting a § 2255 motion, and reimposing sentence, resets to zero the counter of collateral attacks pursued."  *McIver*, 307 F.3d at 1332 (quotation omitted).  Davis can litigate his other ineffective-assistance claims pursuant to another § 2255 motion, which won't count as a successive petition.  *See id.*

★    ★    ★

In sum, we **VACATE** Davis's sentence and **REMAND** for resentencing without the application of U.S.S.G. § 4B1.1.  But we **AFFIRM** the district court's decision not to conduct a de novo resentencing and decline to address Davis's additional *Strickland* claims in the first instance.