S. F. CALDWELL, Jr., et al., Appellants,

v.

The UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ["HUD"] et al., Appellees.

No. 74–2262.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1975.

Decided June 27, 1975.

Hugh G. Casey, Jr., Charlotte, N. C. (George S. Daly, Jr., Charlotte, N. C., and John Wishart Campbell, Lumberton, N. C., on brief), for appellants.

W. Osborne Lee, Jr., Lumberton, N. C. (Franklin V. Adams and Woodberry L. Bowen, Lumberton, N. C., on brief), for appellees The City of Lumberton et al., and The Redevelopment Commission, etc., et al.

Jacques B. Gelin, Atty., U. S. Dept. of Justice (Wallace H. Johnson, Asst. Atty. Gen., Thomas P. McNamara, U. S. Atty., Bruce H. Johnson, Asst. U. S. Atty., and Raymond N. Zagone, Atty., U. S. Dept. of Justice, on brief), for appellees U. S. Dept. of Housing and Urban Development, et al.

Before CLARK, United States Supreme Court Justice, Retired *, and CRAVEN and WIDENER, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a temporary injunction by the district court. Plaintiffs' complaint alleged that the defendants have violated the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 et seq. The defendants are those federal, state, and local agencies and officials charged with administering a Neighborhood Development Program as authorized by 42 U.S.C. §§ 1469–1469b, in Lumberton, North Carolina. Specifically, the plaintiffs charge that an Environmental Impact Statement should have been filed to comply with 42 U.S.C. § 4332(C) in that the redevelopment program in Lumberton was a major federal action significantly affecting the quality of the human environment.

The plaintiffs sought a temporary injunction staying any further actions by the defendants in furtherance of the redevelopment program pending the outcome of this litigation. The district court denied the temporary injunction, finding, among other reasons, that the plaintiffs had failed to show that they would be irreparably injured, that the plaintiffs had failed to demonstrate that they are likely to prevail on the merits, and that issuance of such an injunction would harm the defendants and the public interest more than any benefit which might result to the plaintiffs.

The action of a district court granting or refusing a temporary injunction will be disturbed only if there has been a clear abuse of discretion. *Rucker v. Willis,* 484 F.2d 158 (4th Cir. 1973).

* Sitting by Designation.

**6**

See *Sinclair Refining Co. v. Midland Oil Co.*, 55 F.2d 42 (4th Cir. 1932).

■ Here, the district judge carefully considered all matters presented by both sides and concluded the temporary injunction should not issue. We are of opinion the record supports the holding and find no abuse of discretion.

The order of the district court is accordingly

*Affirmed.*

### ORDER

WIDENER, Circuit Judge.

The plaintiffs in the court below who are here the appellants have filed a paper called "Suggestion of Mootness" which we treat as a motion to dismiss their appeal. The motion alleges that the plaintiffs and one of the defendants, the Redevelopment Commission of the Municipality of the City of Lumberton, have settled the case. In response, in opposition to the motion, the City of Lumberton and the Redevelopment Commission deny the case has been settled but say "a partial settlement of other claims" has been agreed upon between the Redevelopment Commission and the plaintiffs. The Department of Housing and Urban Development, by letter, has joined in the response of the City of Lumberton and the Redevelopment Commission.

We are unable, from an examination of the papers filed and the record, to ascertain exactly what has been settled.

■ Since our decision this day filed does not express any opinion on the merits of the controversy, but only sustains the exercise of discretion by the district judge in refusing a temporary injunction, we are of opinion to deny the motion to dismiss the appeal. The matter of mootness in this setting is more properly addressed to the district court, where the facts surrounding the settlement may be ascertained, and the dis-

trict court, of course, may dismiss the case, not merely the appeal, if it is in fact moot.

It is accordingly adjudged and ordered that the motion of the appellants to dismiss the appeal shall be, and it hereby is, denied.

With the concurrences of Mr. Justice CLARK and Judge CRAVEN.