898 F.2d 144
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William BLOHM, Petitioner-Appellant,
v.
F.P. SAMPLES, Respondent-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
William BLOHM, Defendant-Appellant.
 Nos. 89-7117, 89-7511.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 19, 1989.
Decided: March 5, 1990.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. Franklin T. Dupree, Jr., Senior District Judge; W. Earl Britt, Chief District Judge. (C/A Nos. 86-872-HC, 86-1184-HC)
 William Blohm, appellant pro se.
 Stephen Aubrey West, Office of the United States Attorney, for appellees.
 Before K.K. HALL, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Blohm was committed to the Federal Correctional Center at Butner, North Carolina, after he was found incompetent to stand trial on charges of sending threatening communications to a federal judge.* United States v. Blohm, 579 F.Supp. 495 (S.D.N.Y.1983). At one time he was treated with antipsychotic and psychotropic medications, but that treatment has been discontinued. He is currently awaiting placement in an outpatient mental health care facility in his home state, New Jersey, pursuant to 18 U.S.C. Sec. 4246. He brought two actions regarding his commitment at Butner and future treatment; those cases have been consolidated on appeal.
 
 
 2
 Blohm first moved for a temporary restraining order to prevent officials at Butner or at any future treatment facility from forcing him to take antipsychotic or psychotropic medication at any time in the future. This motion was prompted by one of the conditions in his release order. That order provides:
 
 
 3
 That he regularly attend a community mental health center with treatment monitored by a qualified psychiatrist at least once per month, particularly with respect to the need for antipsychotic and other psychotropic medication and that he attend such other therapy sessions for counseling and evaluation as may be required.
 
 
 4
 Blohm's motion was denied. However, a district court's denial of a temporary restraining order is not appealable absent exceptional circumstances. Drudge v. McKernon, 482 F.2d 1375 (4th Cir.1975). Because we find no such circumstances here, we decline to review the district court's denial.
 
 
 5
 Blohm's motion could be construed as a motion for preliminary injunction. A denial of such a motion is reviewable pursuant to 28 U.S.C. Sec. 1292(a)(1) and is subject to an abuse of discretion standard. Caldwell v. United States Dep't of Housing and Urban Development, 522 F.2d 4, 5-6 (4th Cir.1975); Rucker v. Willis, 484 F.2d 158 (4th Cir.1973). The district court did not abuse its discretion in denying the motion. Blohm was under no immediate threat of irreparable harm by the district court's order. Caldwell, 522 F.2d at 5-6. In the event that he is required to take antipsychotic or psychotropic medication against his will in the future, he may challenge that action at that time. See United States v. Charters, 863 F.2d 302, 304 (4th Cir.1988) (en banc), mandate stayed, 57 U.S.L.W. 3545 (U.S. Feb. 14, 1989) (No. 88-6525). Because the district court did not abuse its discretion in denying the motion, we affirm.
 
 
 6
 The remaining claims in No. 89-7511 have not yet been disposed of by a final, appealable order. An appeal of the remaining issues would be interlocutory and beyond this Court's jurisdiction. 28 U.S.C. Secs. 1291, 1292; Catlin v. United States, 324 U.S. 229, 233 (1945). Therefore, we dismiss the appeal as to these claims.
 
 
 7
 Finally, we construe Blohm's motion to amend his pleadings in No. 89-7117 in a case which had already been disposed of as a Fed.R.Civ.P. 60(b) motion for reconsideration. A Rule 60(b) motion will only be granted if the movant shows exceptional circumstances. Ackerman v. United States, 340 U.S. 193, 199-200 (1950); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir.1984). Blohm did not allege any exceptional circumstances in his motion; rather, he added a few meritless claims for relief to a habeas petition which had already been adjudged to be frivolous. Therefore, the district court did not abuse its discretion in denying the motion, and we affirm. We deny Blohm's motion for change of venue to the Court of Appeals for the Federal Circuit, as a change of venue would be improper.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 9
 AFFIRMED IN PART; DISMISSED IN PART.
 
 
 
 *
 The charges were later nolle prosequied by the government