956 F.2d 1162
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rodney C. HAMRICK, Plaintiff-Appellant,
v.
J. Michael QUINLIN; John Doe, Defendants-Appellees.
Rodney C. HAMRICK, Plaintiff-Appellant,
v.
J. Michael QUINLIN; John Doe, Defendants-Appellees.
 Nos. 91-6654, 91-6664.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 12, 1991.
Decided March 3, 1992.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-91-1255-AM)
 Rodney C. Hamrick, appellant pro se.
 E.D.Va.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before WILKINS and LUTTIG, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Rodney Hamrick seeks review of district court orders denying his motions for appointment of counsel (No. 91-6654) and for a temporary restraining order and/or preliminary injunction (No. 91-6664). Hamrick's motions were filed in connection with an action he filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), alleging that Appellees were denying him needed psychotherapy and neuroleptic medication.
 
 
 2
 Under 28 U.S.C. § 1291 (1988), this Court has jurisdiction over appeals from final orders. As the district court order denying Hamrick's request for appointment of counsel is not a final order, it is not appealable under 28 U.S.C. § 1291. See Miller v. Simmons, 814 F.2d 962, 967 (4th Cir.), cert. denied, 484 U.S. 903 (1987).
 
 
 3
 Similarly, the district court's decision to deny Hamrick's request for a temporary restraining order is also interlocutory and unreviewable. See Sampson v. Murray, 415 U.S. 61 (1974); Virginia v. Tenneco, Inc., 538 F.2d 1026 (4th Cir.1976). However, we have jurisdiction to review a district court's denial of a motion for a preliminary injunction pursuant to 28 U.S.C. § 1292(a) and review such orders for an abuse of discretion. See Doe v. Charleston Area Medical Ctr., Inc., 529 F.2d 638 (4th Cir.1975); Caldwell v. United States Dep't of Hous. and Urban Dev., 522 F.2d 4 (4th Cir.1975).
 
 
 4
 The district court did not abuse its discretion in denying Hamrick's request for an injunction. Hamrick, while before the district court, supported his contention that his condition would deteriorate if an injunction did not issue with assertions and references to medical reports which allegedly described his need for medication and therapy. Hamrick did not submit these medical reports to the district court, and the court found Hamrick's "conclusory" statements insufficient to prove that he would suffer irreparable harm absent injunctive relief. Based on the record before it at the time of its decision, the district court did not abuse its discretion in so finding. Accordingly, we affirm the district court's decision to deny Hamrick's motion for a preliminary injunction. See South Carolina Dep't of Wildlife & Marine Resources v. Marsh, 866 F.2d 97 (4th Cir.1989).
 
 
 5
 Hamrick's appeal to this Court is accompanied by a request for us to issue a restraining order against the defendants. We note that, in support of this request, Hamrick has submitted for our review the medical reports referenced in his motion before the district court. Since a determination regarding irreparable harm, with its concomitant factual inquiries, would be inappropriate for us to make in the first instance, we deny Hamrick's request for a restraining order. See Woodard v. Sage Products, Inc., 818 F.2d 841 (Fed.Cir.1987).
 
 
 6
 Accordingly, Hamrick's appeal from the district court's order in No. 91-6654 is dismissed for lack of jurisdiction. Regarding No. 916664, we affirm the district court's denial of Hamrick's motion for a preliminary injunction. We also decline to issue a restraining order from this Court. Finally, in view of our disposition of this case, we deny Hamrick's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED IN PART AND DISMISSED IN PART.